Slip Op. 12-106

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SEARS HOLDINGS MANAGEMENT CORP., | |
| Plaintiff, | Before: Leo M. Gordon, Judge |
| v. | Court No. 11-00027 |
| UNITED STATES, | |
| Defendant. | |

**OPINION**

[Motion to dismiss granted.]

Dated: August 10, 2012

<u>Robert J. Leo</u>, Meeks, Sheppard, Leo & Pillsbury, of New York, NY for Plaintiff Sears Holdings Management Corp.

<u>Aimee Lee</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY for Defendant United States. With her on the brief were <u>Tony West</u>, Assistant Attorney General, and <u>Barbara S. Williams</u>, Attorney-In-Charge. Of counsel on brief was <u>Paula S. Smith</u>, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

Gordon, Judge:  In this action Plaintiff, Sears Holdings Management Corp., challenges the classification of imported merchandise within the Harmonized Tariff Schedule of the United States ("HTSUS") by U.S. Customs and Border Protection ("Customs"). Defendant moves to dismiss pursuant USCIT Rule 12(b)(1) for lack of subject matter jurisdiction, contending that Plaintiff failed to timely commence its action

"within one hundred and eighty days after the denial of a protest." 28 U.S.C. § 2636(a) (2006). For the reasons set forth below, Defendant's motion to dismiss is granted.

**Background**

Upon liquidation Customs classified Plaintiff's imported boots under subheading 6404.19.20, HTSUS, as "Footwear with outer soles of rubber, plastics, leather, or composition leather and uppers of textile materials." Plaintiff protested this decision, arguing that the proper classification is subheading 6402.91.40, HTSUS, as "Footwear with outer soles and uppers of rubber or plastics." With its protest Plaintiff included invoices and sketches of the merchandise, as well as a copy of ruling NYRL N050140 (July 6, 2009), available at 2009 WL 427215, which appears to classify comparable merchandise under subheading 6402.91.40.

Customs denied the protest on November 16, 2009. Plaintiff then submitted a voidance request pursuant to Section 515(d) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515(d) (2006),[1] which Customs rejected on August 13, 2010. Sears attempted to protest Customs' rejection of its voidance request, which Customs rejected, explaining that the statute and regulations do not contemplate or authorize the protest of a rejected voidance request. Plaintiff commenced this action on February 9, 2011, within 180 days of the rejection of voidance request, but more than 180 days after Customs' denial of the original protest.

---

[1] Further citation to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2006 edition.

### Discussion

"Plaintiffs carry the burden of demonstrating that jurisdiction exists." Techsnabexport, Ltd. v. United States, 16 CIT 420, 422, 795 F. Supp. 428, 432 (1992) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). In deciding a motion to dismiss for lack of subject matter jurisdiction, the court assumes "all factual allegations to be true and draws all reasonable inferences in plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).

Defendant's motion to dismiss raises a simple issue: whether Plaintiff's voidance request tolls the statute of limitations for the commencement of an action under 28 U.S.C. § 1581(a). See generally, Stone v. I.N.S., 514 U.S. 386, 392, (1995) ("As construed in [I.C.C. v. Bhd. of Locomotive Eng'rs, 482 U.S. 270, 284 (1987)] both the APA and the Hobbs Act embrace a tolling rule: The timely filing of a motion to reconsider renders the underlying order nonfinal for purposes of judicial review. In consequence, pendency of reconsideration renders the underlying decision not yet final, and it is implicit in the tolling rule that a party who has sought rehearing cannot seek judicial review until the rehearing has concluded."). Unfortunately for Plaintiff, it does not.

Although one might assume that tolling the statute of limitations would advance the purpose of 19 U.S.C. § 1515(d) by enabling Customs "to rectify erroneous denials of applications for further review and protests without recourse to the judicial system," H.R. Rep. No. 103-361(I) at 118 (1993), such an assumption is definitively foreclosed by the clear Congressional direction that "[a]ll denials of protests are effective from the date of

original denial for purposes of [the statute of limitations]." 19 U.S.C. § 1515(c); see also H.R. Rep. No. 103-36(I) at 118 ("[A]ll administrative action pertaining to a protest or application for further review will terminate when an action is commenced in the Court of International Trade arising out of such protests or applications and that any administrative action taken subsequent to the commencement of an action shall be null and void."). Congress therefore provided a non-tolling 180 days for parties to contest the denial of a protest in the Court of International Trade. During the 180 days following the protest denial, parties are free to seek administrative remedies under section 1515 that may resolve their issues and obviate the need for judicial review, but they need to proceed quickly because if Customs has not provided the desired relief within 180 days of the original protest denial, they need to commence their actions in the Court of International Trade. In this case Plaintiff failed to heed the 180-day time period, and the court therefore lacks jurisdiction to hear Plaintiff's claim.

Plaintiff advances an alternative theory for jurisdiction predicated on its failed attempt to protest Customs' rejection of its voidance request. The court does not believe this alternative basis for jurisdiction has any merit. It appears instead to be an effort to skirt the clear requirements and time periods required for review under 28 U.S.C. § 1581(a). When rejecting Plaintiff's attempted protest of Customs' rejection of Plaintiff's voidance request, Customs correctly explained that the statute and regulations do not contemplate such a protest. As a non-protestable decision under 19 U.S.C. § 1514(a), it is unreviewable under 28 U.S.C. § 1581(a). Playhouse Imp. & Exp., Inc. v. United States, 18 CIT 41, 44 (1994); see also, Mitsubishi Elecs. Am., Inc. v.

Court No. 11-00027                                                                                            Page 5

United States, 44 F.3d 973, 976 (Fed. Cir. 1994) ("Section 1581(a) provides no jurisdiction for protests outside [the exclusive categories of 19 U.S.C. § 1514(a)].").

Without a direct statutory claim under 28 U.S.C. § 1581(a), Plaintiff argues that the court's residual jurisdiction provision, 28 U.S.C. § 1581(i), supplies jurisdiction to review Customs' rejection of Plaintiff's voidance request.  Plaintiff, in essence, asserts an Administrative Procedure Act ("APA") claim challenging "final agency action for which there is no other adequate remedy."  5 U.S.C. § 704 (2006).  This APA provision is reflected in the court's residual jurisdiction case law, which prescribes that section 1581(i) supplies jurisdiction only if a remedy under another section of 1581 is unavailable or "manifestly inadequate."  Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987).  Although Plaintiff does not have an available remedy under section 1581(a) to challenge Customs' rejection of the voidance request, Plaintiff's APA claim nevertheless must fail because Customs' rejection of Plaintiff's voidance request (which Plaintiff predicated on material error in the original protest decision) constitutes non-reviewable agency action.  See I.C.C. v. Bhd. of Locomotive Eng'rs, 482 U.S. 270, at 278-279 (1987) (agency's denial of party's reconsideration request predicated on material error in the original decision is unreviewable agency action committed to agency discretion).  Plaintiff's APA claim therefore challenges "agency action . . . committed to agency discretion by law," 5 U.S.C. § 701(a)(2), a jurisdictional limitation for APA claims that applies to the general grant of jurisdiction contained in 28 U.S.C. § 1581(i).  Cf. Bhd. of Locomotive Eng'rs, 482 U.S. at 282, (noting that the limitation of

5 U.S.C. § 701(a)(2) applies to "the general grant of jurisdiction contained in 28 U.S.C. § 1331").

## Conclusion

Plaintiff failed to commence its action within 180 days of the original protest decision. The court therefore does not have jurisdiction over this action. The court will enter judgment accordingly.

                                                                    /s/ Leo M. Gordon
                                                           Judge Leo M. Gordon

Dated: August 10, 2012
       New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SEARS HOLDINGS MANAGEMENT CORP., | |
| Plaintiff, | Before: Leo M. Gordon, Judge |
| v. | Court No. 11-00027 |
| UNITED STATES, | |
| Defendant. | |

**JUDGMENT**

Upon consideration of Defendant's motion to dismiss for lack of jurisdiction; all other papers and proceedings had in this action; and in conformity with the court's opinion issued on this date, it is hereby

**ORDERED** that Defendant's motion to dismiss is granted; and it is further

**ORDERED** that this action is dismissed.

/s/ Leo M. Gordon
Judge Leo M. Gordon

Dated: August 10, 2012
New York, New York